Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000543
06-APR-2017
08:51 AM

NO. CAAP-16-0000543

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DIANE E. MATHER, aka DIANE ELIZABETH MATHER-GEMELLI,
Plaintiff-Appellant,
v.
CITIMORTGAGE, INC., DAVID BRADLEY ROSEN,
Defendants-Appellees,
and
JOHN AND MARY DOES 1-10, DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0261)

ORDER DISMISSING APPELLATE COURT CASE
NUMBER CAAP-16-0000543 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Plaintiff-Appellant Diane E. Mather's

(Appellant Mather) appeal from the Honorable Karl K. Sakamoto's

July 26, 2016 interlocutory order granting Defendants-Appellees

Citimortgage, Inc., and David Bradley Rosen's motion for judgment

on the pleadings of Appellant Mather's first amended complaint

(the July 26, 2016 interlocutory order) because the circuit court

has not yet reduced the July 26, 2016 interlocutory order to a separate final judgment.

Hawaii Revised Statutes ("HRS") § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On October 1, 2016, the circuit court clerk filed the record on appeal for CAAP-16-0000543, which does not include a final judgment. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S.

-2-

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the July 26, 2016 interlocutory order does not satisfy the requirements for appealability under any of those exceptions. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over CAAP-16-0000543 and Appellant Mather's appeal is premature. Therefore,

IT IS HEREBY ORDERED that CAAP-16-0000543 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 6, 2017.

Chief Judge

Associate Judge

Associate Judge

-3-